MEAGAN M. NUÑEZ
Law Office of Meagan M. Nuñez
State Bar # 268722
9606 Tierra Grande St.
Suite 204
San Diego, CA 92126
Phone: (619) 757-3550
Fax:   (619) 269-4991
meagan@sdspecialattorney.com

Attorney for Plaintiff

**BEFORE THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT**

**OF CALIFORNIA**

| | |
|---|---|
| D.G. By and Through His Guardians Ad | **'15CV1682 CAB BLM** |
| Litem P. G.  AND F.K., | **COMPLAINT FOR REVERSAL OF CALIFORNIA ADMINSTRATIVE HEARINGS ORDER UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT** |
| Plaintiff, | |
| Vs., | |
| SAN DIEGO UNIFIED SCHOOL | |
| DISTRICT, | |
| Defendant. | |

Plaintiff D.G. by his parents P.G. and F.K. (the full names of whom are known to the defendant and are in an Application for Appointment of Guardian Ad Litem, filed contemporaneously herewith) allege as follows:

**1**
**D.G. VS. SAN DIEGO UNIFIED SCHOOL DISTRICT COMPLAINT FOR
REVERSAL OF CALIFORNIA ADMINSTRATIVE HEARINGS ORDER
UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT**

## INTRODUCTION

1.      Plaintiff D.G., a twelve year-old boy who has been diagnosed with Autism, and his parents, P.G. and F.K. file this civil action against Defendant San Diego Unified School District ("District"), alleging that Defendant failed to meet its obligations to D.G. under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"). Plaintiffs contend that the California Office of Special Education Division ("OAH") was incorrect in an order dated July 3, 2015 denying Plaintiff's Motion for Stay Put. Plaintiff contends that OAH incorrectly determined that Plaintiff is not entitled to Stay Put placement pending the current dispute.

## JURISDICTION

2.      This Court has jurisdiction over the claims in this action under 28 U.S.C. § 1331 in that it arises under the Individuals with Disabilities Education Improvement Act ("IDEIA"), as amended, 20 U.S.C. § 1400 et seq. This civil action arises out of the Individuals with Disabilities Education Improvement Act ("IDEA").   20 U.S.C. §1400 et seq. Subsequently this action is within the original jurisdiction of the federal courts.  20 U.S.C. §1415(i)(3)(A); 28 U.S.C. §1331.

3.       Plaintiff is located in San Diego County, which is within the jurisdiction of the Southern District of California.  Thus, venue in this court is proper under 20 U.S.C. § 1391(b).

4.      This complaint is timely pursuant to Cal. Educ. Code § 56505(k), which states that an appeal of a decision by the California Office of

Administrative Hearings ("OAH") must be filed within ninety days of the party's receipt of the order.  On June 30, 2015, Presiding Administrative Law Judge ("ALJ") June R. Lehrman denied Plaintiff's Motion for Stay Put.  OAH Case No. 2015060967: Order Denying Student's Motion for Stay Put.  On July 3, 2015 ALJ Lehrman reaffirmed her denial of Student's Stay Put Motion.  OAH Case No. 2015060967: Order on Reconsideration, Reaffirming Denial of Stay Put.  Both the decisions were served by fax to Plaintiff's counsel on June 30, 2015 and July 3, 2015 respectively.

5.    Jurisdiction is expressly vested in this Court pursuant to 20 U.S.C. § 1415(i)(3)(B) and 28 U.S.C. § 1331. 3. There is a present and actual controversy between the parties to this action. To the extent required by law, Plaintiffs have exhausted their administrative remedies as to the issues in this litigation.

## PARTIES

6.    Plaintiff D.G. ("Student") is a citizen of the United States who relocated with his mother in June 2015 to San Diego within the boundaries of the San Diego Unified School District.  Since that time, Student and his mother have resided and continue to reside in San Diego County within the boundaries of the San Diego Unified School District. The full name of D.G. is known to the Defendant and is contained in an Application for Appointment of Guardians ad Litem, filed contemporaneously herewith.

7.    Plaintiff F.K. ("Plaintiff") is a citizen of the United States who relocated with her son to San Diego within the boundaries of the San Diego

**3**
**D.G. VS. SAN DIEGO UNIFIED SCHOOL DISTRICT COMPLAINT FOR REVERSAL OF CALIFORNIA ADMINSTRATIVE HEARINGS ORDER UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT**

Unified School District.  Since that time, Plaintiff and Student have resided and continue to reside in San Diego County within the boundaries of the San Diego Unified School District.

8.      Plaintiff P.G ("Plaintiff") is a citizen of the United States who continues to live in Del Mar, outside of the boundaries of the San Diego Unified School District and does not reside with his son, D.G.

9.      Defendant SAN DIEGO UNIFIED SCHOOL DISTRICT ("Defendant") is a public school district located in San Diego County and organized under the appropriate laws of the State of California. Starting June 5, 2015 Defendant was the Local Education Agency ("LEA") responsible for providing Student with Free Appropriate Public Education ("FAPE") under IDEA and the California Education.

## FACTUAL AND PROCEDURAL BACKGROUND

10.     D.G. is a twelve-year-old boy who qualifies for special education and related services under the IDEA and California Education Code as a student with Autism.

11.     D.G. has deficits in the areas of expressive and receptive language, gross and fine motor skills, academic skills, and social awareness.

12.     Upon enrollment in the District in June of 2015, during the course of the 2014-2015 school year, D.G.'s mother provided the District with a copy of D.G's last agreed-upon and implemented IEP from the school district he attended previously.

13.     The IEP called for the Plaintiff to be educated in a Nonpublic School due to his need for a small, highly structured environment with:

　　　i.   240 minutes of Specialized Academic Instruction per day;

**4**

**D.G. VS. SAN DIEGO UNIFIED SCHOOL DISTRICT COMPLAINT FOR REVERSAL OF CALIFORNIA ADMINSTRATIVE HEARINGS ORDER UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT**

        ii.   30 minutes of speech and language therapy per week;

        iii.   30 minutes of occupational therapy per week.

14.     D.G. has attended the same Nonpublic School, The Institute for Effective Education ("TIEE") pursuant to an IEP since the 2010-2011 school year. Since 2011, D.G. has not attended school at any other educational placement.

15.     The District refused to implement D.G's previously agreed upon and implemented IEP for 30 days as required by law, and instead offered D.G. placement at a large, comprehensive middle school site, which the District erroneously labeled as "comparable" to a nonpublic school placement.

16.     Plaintiff's parents disagreed with the District's interim offer of placement and informed the District that they would maintain Plaintiff's last agreed-upon and implemented placement and seek reimbursement at the District's expense.

17.     On June 18, 2015 Plaintiff filed a Due Process Complaint with the Office of Administrative Hearings ("OAH") against the District, which was designated as Parents on Behalf of Student v. San Diego Unified School District, OAH Case Number 2015060967. In that complaint, Plaintiff alleged that the District had failed to implement D.G.'s last agreed-upon IEP, failed to consider the full continuum of services, and failed to create an IEP.

18.     On June 23, 2015 Plaintiff filed a Motion for Stay Put alleging that the District must implement Plaintiff's last agreed-upon and implemented IEP pending the current dispute.

**5**

**D.G. VS. SAN DIEGO UNIFIED SCHOOL DISTRICT COMPLAINT FOR REVERSAL OF CALIFORNIA ADMINSTRATIVE HEARINGS ORDER UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT**

19.     On June 30, 2015, Presiding Administrative Law Judge ("ALJ") June R. Lehrman denied Plaintiff's Motion for Stay Put. On July 3, 2015 ALJ Lehrman reaffirmed her denial of Student's Stay Put Motion.

20.     Plaintiff is aggrieved by the Order and seeks relief as detailed below.

### CLAIMS FOR RELIEF -COUNT ONE

21.     U.S.C. § 1415(j)(2) provides: "Except as provided in subsection (k)(4) [concerning student disciplinary proceedings], during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . ."

22.     34 C.F.R. § 300.518(a) provides: "(a) Except as provided in . . . [the regulation concerning student disciplinary proceedings], during the pendency of any administrative or judicial proceeding regarding . . . [a request for a due process hearing], unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement."

23.     Cal. Ed. Code § 56505, subdivision (d), provides: ". . . [D]uring the pendency of the hearing proceedings, including the actual state-level hearing, or judicial proceeding regarding a due process hearing, the pupil shall remain in his or her present placement, except as provided in . . . [the federal regulation concerning student disciplinary proceedings], unless the public agency and the parent or guardian agree otherwise. . ."

24.     The provisions of 20 U.S.C. § 1415(j) and Cal. Ed. Code § 56505(d), are referred to as "stay put." The purpose of stay put is to maintain the status quo of the student's educational program pending resolution of

**D.G. VS. SAN DIEGO UNIFIED SCHOOL DISTRICT COMPLAINT FOR REVERSAL OF CALIFORNIA ADMINSTRATIVE HEARINGS ORDER UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT**

the due process hearing. (*Stacey G. v. Pasadena Independent School Dist.,* 695 F.2d 949, 953 (5th Cir. 1983); *In re John K.,* 170 Cal.App.3d 783, 791 (1985). For purposes of stay put, a student's current educational placement is typically the placement described in the child's most recently implemented Individualized Education Program (IEP). (*Johnson v. Special Educ. Hearing Office,* 287 F.3d 1176, 1180 (9th Cir. 2002); *Thomas v. Cincinnati Bd. of Educ.,* 918 F.2d 618, 625 (6th Cir. 1990) . If a dispute arises before an IEP is implemented, the current educational placement is the operative placement under which the child is actually receiving instruction at the time the dispute arises. *Thomas v. Cincinnati Bd. of Educ.,* supra, 918 F.2d at p. 626.

25.    When a student transfers into a new school district and a dispute arises about the most appropriate educational placement in the new district, the student's stay put placement is the last agreed-upon IEP. (*Ms. S. ex rel. v. Vashon Island Sch. Dist.,* 337 F.3d 1115, 1134 (9th Cir. 2003). If it is *not possible* for the new district to implement the last agreed-upon IEP, the district must approximate the student's old IEP as closely as possible. *(Ibid.)*

26.    At the time Plaintiff filed his Due Process Request, D.G.'s last agreed-upon and implemented IEP listed "Nonpublic School" as D.G.'s placement, and as the placement where D.G. is to receive all instruction and related services.

27.    A Nonpublic School is a State Certified school that provides special education services for children with exceptional needs.

28.    The District contracts with many nonpublic schools to provide special education services for students with exceptional needs.

**7**

**D.G. VS. SAN DIEGO UNIFIED SCHOOL DISTRICT COMPLAINT FOR REVERSAL OF CALIFORNIA ADMINSTRATIVE HEARINGS ORDER UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT**

29.   D.G.'s last agreed-upon and implemented IEP lists Nonpublic School as the placement where D.G. receives all instruction and related services.

30.   TIEE is a Nonpublic School.

31.   The District currently contracts with TIEE to provide services to students with exceptional needs.

32.   D.G. has been placed at TIEE pursuant to his IEP since 2011.

33.   D.G. has received all instruction and related services at TIEE pursuant to his IEP since 2011.

34.   TIEE is located within the boundaries of the District. The District currently provides placement at TIEE pursuant to an IEP for at least ten students. It is not impossible for the District to implement D.G.'s last agreed-upon and implemented IEP, which provided for services and instruction at TIEE.

35.   Plaintiff is entitled to implementation of his last agreed-upon and implemented IEP during the pendency of the current dispute and seeks injunctive relief requiring the District to immediately implement his "stay put" placement and to immediately reimburse Plaintiff's parents for the cost of maintaining Plaintiff's "stay put" placement prior to obtaining injunctive relief.

36.   The Order Denying Student's Motion for Stay Put improperly concluded that Plaintiff was not entitled to Stay Put. Moreover, the Order on Reconsideration, Reaffirming Denial of Stay Put also improperly concluded that Plaintiff was not entitled to Stay Put. These conclusions were unsupported by the IDEA, its regulations and controlling case law. The failures were without proper justification and

**D.G. VS. SAN DIEGO UNIFIED SCHOOL DISTRICT COMPLAINT FOR REVERSAL OF CALIFORNIA ADMINSTRATIVE HEARINGS ORDER UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT**

1    constituted an abuse of discretion on the part of the Administrative

2    Hearing Officer.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1.   Issue a preliminary injunction requiring the District to immediately implement Plaintiff's last agreed-upon and implemented IEP as his "stay-put" placement and requiring the District to immediately reimburse Plaintiff for the cost of maintaining the "stay-put" placement prior to the injunction issuing.

2.   Reverse OAH's Orders Denying Plaintiff Stay Put.

3.   Award to Plaintiffs their attorneys' fees and costs.

4.   Award such other relief as the Court may deem appropriate.

DATED: July 29, 2015

Meagan M. Nuñez, Esq.
Attorney for Plaintiff
Email: meagan.nunez@gmail.com

Jennifer L.Varga, Esq.
Attorney for Plaintiff
Email: jennifervargalaw@gmail.com

9

D.G. VS. SAN DIEGO UNIFIED SCHOOL DISTRICT COMPLAINT FOR REVERSAL OF CALIFORNIA ADMINSTRATIVE HEARINGS ORDER UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT